UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**TOMMY D. LAY, II**, on behalf
of himself and all employees
similarly situated,

Plaintiffs,

vs.                                    CASE NO:    20-cv-746

**STORM SMART BUILDING
SYSTEMS, INC.**,

Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT
FOR UNPAID OVERTIME UNDER THE
FAIR LABOR STANDARDS ACT**

Plaintiff, TOMMY D. LAY, II ("Plaintiff" or "Lay"), by and through undersigned counsel, on behalf of himself and all employees similarly situated, hereby sues Defendant, STORM SMART BUILDING SYSTEMS, INC., a Florida for profit corporation ("Defendant" or "Storm Smart"), and alleges as follows:

## **JURISDICTION AND VENUE**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

2. Plaintiff is a resident of Collier County, Florida, within the jurisdiction of this Honorable Court. Plaintiff worked as an installer of storm shutters, storm windows and screens (among other things) from prior to 9/1/2017 until approximately 5/6/20.

3. The Defendant was at all times material hereto doing business within the jurisdiction of the District Court of the Middle District of Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

4. This action is brought by Plaintiff and other similarly situated employees to recover from Defendant unpaid overtime wages and other relief, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

5.   Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216(b). The Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant operated as a business enterprise which installs and repairs storm shutters, storm windows, and screens, among other things, using materials and supplies imported from without the State of Florida and otherwise regularly engages in interstate commerce.

6.   Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000.00 per annum.

7.   By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

8.   The Defendant is an "employer," as defined by 29 U.S.C. § 203(d), as Defendant is directly involved in decisions affecting employee compensation and hours worked by the Plaintiff and other similarly situated employees.  Plaintiff and those similarly situated are "employees" of Defendant.

9.      Plaintiff, and those similarly situated, installed specialized storm shutters, storm windows and screens which are designed to protect homes and businesses from the threat of severe storms, including hurricanes, which are common to the coast along the Atlantic Ocean and the Gulf of Mexico. Specialized construction tools, such as hammer drills, were used in conjunction with the installation of the storm windows and shutters.  Such construction work typically required that Defendant submit a detailed construction plan to secure a building permit from the local governing agency.  The installation process may take several days.  The storm shutters and windows were installed on both "new" construction projects and existing structures.

While the storm protection products of Defendant are available for purchase by the public; most customers contract with Defendant to have the products installed and the cost to install the product is a substantial portion of the contract.

**COUNT I – UNPAID OVERTIME WAGES AGAINST DEFENDANT**

9.      Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 8 above.

10. During the material time period Plaintiff and similarly situated employees were employed as storm shutter, storm window and screen installers and performed services as same on behalf of the Defendant.

11. During the material time period Plaintiff and similarly situated employees were paid using two different methods: 1) on a "commission" basis where installers were paid, as wages, a percentage of the total construction project; and 2) on a "piece-rate" basis where installers were paid a fixed rate for a unit of work completed. These installers were frequently paid using both methods in a single work week. Plaintiff, and those similarly situated, regularly worked in excess of forty (40) hours per week, worked on weekends and in the evenings. Plaintiff and similarly situated employees were not paid overtime when they worked in excess of forty (40) hours in a work week as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation.

12. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff and similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and similarly situated employee's overtime compensation to which they were lawfully entitled for the period of time each work week they performed labor on behalf of Defendant.

13.     Defendant failed to keep accurate time records of all the hours worked by Plaintiff and those similarly situated in violation of 29 CFR §516. Plaintiff submitted, on at least one occasion, an Installer Pay Sheet reflecting his working in excess of forty (40) hours in a work week (See attached Exhibit #1).  This Installer Pay Sheet reflects the "commissions" earned by Plaintiff and the "piece-work" performed.  Despite the report of working in excess of forty (40) hours in a work week, Plaintiff was paid no overtime compensation.  The Defendant's pay policy was to not pay overtime to Plaintiff and those similarly situated when they worked in excess of forty (40) hours in a work week.

14.     Defendant intentionally and willfully failed to pay overtime wages to Plaintiff and similarly situated employees, Defendant had knowledge of Plaintiff's and similarly situated employees' schedules and the overtime hours that Plaintiff and similarly situated employees worked, and showed reckless disregard by failing to comply with the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act.

When Plaintiff performed similar construction work for other private employers, he and his co-workers were typically paid on an "hourly" basis where they were paid for each hour of work completed.  Defendant

intentionally and willfully concocted a pay scheme to evade their obligation to pay overtime. Defendant knew it was important to keep track of Plaintiff's time worked because it was included in their Installer Pay Sheet. But Defendant did not consider the time worked in a work week when determining Plaintiff's pay.

Defendant falsely and deliberately listed on Plaintiff's paycheck that he had worked forty (40) hours in a work week, even though they did not make any effort to ascertain the actual number of hours worked. (See Exhibit #2). This fabrication of the hours worked demonstrates the Defendant knew the actual number of hours worked was important for pay purposes, but that overtime liability may be further evaded by falsely reporting that installers, including Plaintiff, did not work in excess of forty (40) hours in a work week. Defendant did not act in good faith when they refused and failed to pay appropriate overtime.

15. Defendant remains owing Plaintiff and similarly situated employees these overtime wages since the commencement of Plaintiff's and similarly situated employees' employment with Defendant as set forth above, and Plaintiff and similarly situated employees are entitled to recover double damages.

16. Plaintiff has retained the law firm of Sean Culliton, Esq., LLC to represent him and has incurred attorneys' fees and costs in bringing this action.

**WHEREFORE**, Plaintiff and similarly situated employees demand:

a. Judgment against the Defendant for the payment of compensation for all overtime hours at one and one-half their regular rate of pay for the hours worked for which Plaintiff and similarly situated employees have worked and not been properly compensated;

b. Liquidated damages in an amount equal to the amount of unpaid overtime;

c. Reasonable attorneys' fees and costs of suit,

d. All other appropriate relief including prejudgment interest if liquidated damages are not awarded.

## DEMAND FOR JURY TRIAL

Plaintiff and similarly situated employees demand a trial by jury as to all issues so triable.

Dated: September 28, 2020

Respectfully submitted,

/s/Sean Culliton

Sean Culliton, Esq.

FBN: 0986232

E-mail: sean@seancullitonlaw.com

Sean Culliton, Esq., LLC

285 Pinewood Drive

Tallahassee, FL 32303

Phone: (850)385-9455

Facsimile: (813)441-1999

Counsel for Plaintiffs